ADAM GORDON
United States Attorney
JOSHUA C. MELLOR
Assistant United States Attorney
California Bar No. 255870
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-9733
Email: joshua.mellor@usdoj.gov

Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | Case No. 23-CR-0621-JES |
|---|---|
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| CESAR HOMERO MAGALLANES GONZALEZ, aka "Chayo," | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, ADAM GORDON, United States Attorney, and Joshua C. Mellor, Assistant United States Attorney, and Defendant CESAR HOMERO MAGALLANES GONZALEZ, with the advice and consent of Caitlin E. Howard, counsel for Defendant, as follows:

I

**THE PLEA**

Defendant agrees to plead guilty to the Superseding Indictment charging Defendant with:

COUNT 1

Beginning at a date unknown to the grand jury and continuing up to and including the date of this indictment, within the country of Mexico, and elsewhere, defendants JUAN PABLO BASTIDAS ERENAS, aka "Payo," UGAN LOPEZ BELTRAN, aka "Kiwuas," aka "Prada," BOGAR SOTO RODRIGUEZ, aka "Loco," aka

Plea Agreement                                    Def. Initials _____
                                                 23-CR-0621-JES

"Tio," JUVENAL LEON RODRIGUEZ, aka "Gallo," ARNOLDO VILLA SANCHEZ, aka "Arnol," MARIO GERMAN BELTRAN ARAUJO, aka "El Ninon," JOSE ROBERTO NAVARRETE MENDOZA, aka "Mono," CESAR HOMERO MAGALLANES GONZALEZ, aka "Chayo," ULISES FRANCO FIGUEROA, aka "Charco," ELVIS VILLATORO DE LA CRUZ, aka "Yogurt," JESUS ALONSO ZAMORA ROMAN, aka "Sobrino," LUIS ANTONIO ESPELETA ESPARZA, aka "Negro Trailero," JOSE MISAEL MACEDO ALVAREZ, JOSE FRANCISCO OSUNA OSORIO, aka "Gabino," EDUARDO ADALBERTO SUSTAITA CASTANEDA, aka "Susto," CARLOS ANTONIO PACHECO CASTANEDA, JESUS SERGIO SANTIAGO GONZALEZ, aka "Zucaritas," OSCAR ALEMAN MEZA, LORENZO MENDEZ SANCHEZ, aka "Lencho," JUAN MANUEL HERNANDEZ SOTO, aka "Piki," aka "Guero," PEDRO RODRIGUEZ MORENO, FRANCISCO RAMON PELAEZ LUENGAS, aka "Wawis," and EDUARDO GABRIEL IBARRA MONE, who will first enter the United States within the Southern District of California, did knowingly and intentionally conspire with each other and with other persons known and unknown to the grand jury, to distribute and cause the distribution of a controlled substance, to wit: 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; intending, knowing and having reasonable cause to believe that such cocaine would be unlawfully imported into the United States; all in violation of Title 21, United States Code, Sections 959, 960, and 963.

                              COUNT 2

Beginning on a date unknown to the grand jury and continuing up to and including the date of this Indictment, on board a vessel subject to the jurisdiction of the United States, while on the high seas, defendants JUAN PABLO BASTIDAS ERENAS, aka "Payo," UGAN LOPEZ BELTRAN, aka "Kiwuas," aka "Prada," BOGAR SOTO RODRIGUEZ, aka "Loco," aka "Tio," JUVENAL LEON RODRIGUEZ, aka "Gallo," ARNOLDO VILLA SANCHEZ, aka "Arnol," MARIO GERMAN BELTRAN ARAUJO, aka "El Ninon," JOSE ROBERTO NAVARRETE MENDOZA, aka "Mono," CESAR HOMERO MAGALLANES GONZALEZ, aka "Chayo," ULISES FRANCO FIGUEROA, aka "Charco," ELVIS VILLATORO DE LA CRUZ, aka "Yogurt," JESUS ALONSO ZAMORA ROMAN, aka "Sobrino," LUIS ANTONIO ESPELETA ESPARZA, aka "Negro Trailero," JOSE MISAEL MACEDO ALVAREZ, JOSE FRANCISCO OSUNA OSORIO, aka "Gabino," EDUARDO ADALBERTO SUSTAITA CASTANEDA, aka "Susto," CARLOS ANTONIO PACHECO CASTANEDA, JESUS SERGIO SANTIAGO GONZALEZ, aka "Zucaritas," OSCAR ALEMAN MEZA, LORENZO MENDEZ SANCHEZ, aka "Lencho," JUAN MANUEL HERNANDEZ SOTO, aka "Piki," aka "Guero," PEDRO RODRIGUEZ MORENO, FRANCISCO RAMON PELAEZ LUENGAS, aka "Wawis," and EDUARDO GABRIEL IBARRA MONE, did knowingly and intentionally conspire with each other and with other persons known and unknown to the grand jury to possess with intent to distribute 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; in violation of Title 46, United States Code, Sections 70503 and 70506(b).

Defendant agrees that, following entry of Defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case. For any controlled substance seized in connection with this case, Defendant agrees that, following entry of Defendant's guilty plea, the Government may destroy the controlled substance 30 days after the Government has provided Defendant with the laboratory analysis report. If Defendant believes that additional testing is needed, Defendant will arrange for and complete such testing within that 30-day period, unless that period is extended by joint written agreement or Court order, in which case the Government shall preserve the controlled substance for the agreed-upon or judicially mandated period. If the court has issued a preservation order in connection with any seized evidence, Defendant will request that the Court lift or revoke the preservation order following entry of Defendant's guilty plea.

## II

## NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED

The offenses to which Defendant are pleading guilty to have the following elements:

### COUNT 1

(1)   There was an agreement between two or more persons to distribute controlled substances outside of the United States;

(2)   The defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose; and

Plea Agreement

3

Def. Initials C.Mo

23-CR-0621-JES

(3)  The defendant knew that the controlled substances would be unlawfully imported into the United States.

COUNT 2

(1)  There was an agreement between two or more persons to possess cocaine with intent to distribute on board a vessel subject to the jurisdiction of the United States; and

(2)  The defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

In addition, for purposes of sentencing, the Government would have to prove beyond a reasonable doubt that the amount of controlled substances involved in the agreement was at least 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine. The Government must also prove beyond a reasonable doubt that the type and quantity of drugs fell within the scope of Defendant's agreement and was reasonably foreseeable to him.

B.   ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1.   Beginning at a date unknown and continuing until April 14, 2023, defendant CESAR HOMERO MAGALLANES GONZALEZ was a member of a narcotics trafficking organization, which obtained cocaine from Colombia and thereafter transported it to Central America and Mexico knowing that such cocaine would be unlawfully imported into the United States.

Plea Agreement

4

Def. Initials C. M

23-CR-0621-JES

2. The defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

3. Defendant CESAR HOMERO MAGALLANES GONZALEZ knew the cocaine was transported from Colombia via maritime routes to coastal regions in Mexico.

4. Defendant CESAR HOMERO MAGALLANES GONZALEZ was responsible for overseeing convoys of tractor-trailers and scout vehicles to transport the cocaine from the coastal regions to warehouses in Mexico City, and Puebla, Mexico.

5. For example, on January 6, 2022, Defendant CESAR HOMERO MAGALLANES GONZALEZ oversaw the delivery of 2,465 kilograms of cocaine from Oaxaca, Mexico to warehouses in Mexico City and Puebla, Mexico.

6. Similarly, on July 26, 2022, Defendant CESAR HOMERO MAGALLANES GONZALEZ oversaw the transportation of 1,680 kilograms of cocaine from Oaxaca, Mexico, which was destined for a warehouse outside of Mexico City. The cocaine was seized by Mexican law enforcement in Mexico City, Mexico.

7. Defendant CESAR HOMERO MAGALLANES GONZALEZ knew the vehicles contained cocaine, a Schedule II Controlled Substance, and that the cocaine was destined for importation into the United States.

8. The amount of cocaine involved in the agreement was at least 450 kilograms of a mixture and substance

Plea Agreement

5

Def. Initials C₀M.
23-CR-0621-JES

containing a detectable amount of cocaine, a Schedule II Controlled Substance.

### III

### PENALTIES

The crimes to which Defendant is pleading guilty carry the following penalties:

A.  a maximum of life in prison, and a mandatory minimum 10 years;

B.  a maximum $10,000,000 fine;

C.  a mandatory special assessment of $100 per count; and

D.  a term of supervised release of at least 5 years and up to life. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

### IV
### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages;

D.  Confront and cross-examine adverse witnesses;

E.  Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.  Not testify or have any adverse inferences drawn from the failure to testify.

Plea Agreement                        6                     Def. Initials C. M

23-CR-0621-JES

Defendant has been advised by counsel and understands that because defendant is not a citizen of the United States, defendant's conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.    Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the

Plea Agreement                                7                    Def. Initials _e. M._

23-CR-0621-JES

right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.  No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.  No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.  Defendant is pleading guilty because Defendant is guilty and for no other reason.

**VII**

**AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
SOUTHERN DISTRICT OF CALIFORNIA**

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

**VIII**

**APPLICABILITY OF SENTENCING GUIDELINES**

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense

counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

A.    SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [§ 2D1.1(c)(1)]<br>[At least 450 kilograms of cocaine] | 38* |
| 2. | Safety Valve (if applicable)<br>[§§ 2D1.1(b)(18) and 5C1.2] | -2** |
| 3. | Role in the Offense<br>[USSG Chapter 3 – Part B] | *** |

Plea Agreement

9

Def. Initials C.M.

23-CR-0621-JES

    4.    Acceptance of Responsibility [§ 3E1.1]    -3
    5.    Early disposition/combination    -2
        of circumstances [§ 5K2.0]

\* If Defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG § 4B1.1(b). Furthermore, Defendant will be ineligible for any role reduction.

\*\* If Defendant truthfully discloses to the government all information and evidence Defendant has concerning the offense and relevant conduct, and if Defendant otherwise qualifies for the "safety valve" reduction contained in § 5C1.2, the government will recommend a two-level reduction under § 2D1.1(b)(18).

\*\*\* At sentencing, the United States may argue that an aggravating role enhancement applies to Defendant under USSG § 3B1.1, and Defendant may argue that no role enhancement applies.

B.    ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

    1.    Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

    2.    Falsely denies prior criminal conduct or convictions;

    3.    Is untruthful with the Government, the Court or probation officer; or

    4.    Breaches this plea agreement in any way.

C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government will recommend that Defendant be sentenced to the low end of the advisory guideline range recommended by the Government at sentencing or the mandatory minimum sentence, whichever is greater.

G.   SPECIAL ASSESSMENT

1.   Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

H.   SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions are 1) Defendant may appeal a custodial sentence above the high end of the guideline range recommended by the Government at sentencing (if USSG § 5G1.1(b) applies, the high end of the range will be the statutorily required mandatory minimum sentence), and 2) Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised

despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1.    Failing to plead guilty pursuant to this agreement;

2.    Failing to fully accept responsibility as established in Section X, paragraph B, above;

3.    Failing to appear in court;

4.    Attempting to withdraw the plea;

5.    Failing to abide by any court order related to this case;

6.    Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

7.    Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In

addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

//

//

Plea Agreement                                    14                     Def. Initials C.M.

23-CR-0621-JES

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XV

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

ADAM GORDON
United States Attorney

8/28/2025
_____
DATED

_____
JOSHUA C. MELLOR
Assistant U.S. Attorney

8/22/25
_____
DATED

_____
CAITLIN E. HOWARD
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.

8/22/25
_____
DATED

_____
CESAR HOMERO MAGALLANES GONZALEZ
Defendant

Approved By:

s/Matthew J. Sutton
_____
MATTHEW J. SUTTON
Assistant U.S. Attorney

Plea Agreement

15

Def. Initials CₒM

23-CR-0621-JES